**Charles J. Schiele, Administrator de bonis non of the Estate of Anna Schlensker, Deceased, Appellee, v. Phena Dehn, Executrix of the Last Will and Testament of Louis Dehn, Deceased, et al. Henry C. Schlensker and Irene Schlensker, Appellants.**

APPEAL AND ERROR—*to what court the approval of an administrator's final report should not be taken.* Where from an examination of the whole record and the appeal bond it appears that the appeal was not taken from an order to sell land to pay debts but from approval of an administrator's *de bonis non* final report, the appeal, which should have been taken to the circuit court under Cahill's St. ch. 3, ¶ 126, will be dismissed in the Appellate Court.

Appeal by defendants from the Probate Court of St. Clair county; the Hon. C. E. CHAMBERLAIN, Judge, presiding. Heard in this court at the March term, 1927. Appeal dismissed. Opinion filed May 14, 1927.

W. E. KNOWLES, for appellants.

JAMES O. MILLER and W. R. WEBER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

It appears from the statements of counsel that Charles J. Schiele, administrator *de bonis non* of the estate of Anna Schlensker, deceased, filed two petitions to sell real estate to pay debts in the county court of St. Clair county, and that sales were had and reports thereof made to the court. However, the proceedings under only one of the petitions are incorporated in this record, this being the petition filed October 14, 1924, upon which a decree was entered on May 21, 1925. On November 18, 1926, the administrator filed his final report purporting to make distribution of all the estate including the proceeds from both sales of real estate. On December 8, 1926, Irene Schlensker, the only heir-at-law, and Henry C. Schlensker, the surviving husband of Anna Schlensker, deceased, plaintiffs in error, filed objections to the approval of this final report, and also filed a petition to modify the decree entered May 21, 1925, by striking from the decree certain directions to appellee to pay from the proceeds of the sale, costs of administration including attorney's fee, certain tax liens and the amount of several mortgages. On December 9, 1926, appellee filed an amended final report to which appellants again filed objections. Appellee moved to strike appellants' motion to amend the decree entered May 21, 1925.

Upon motion of appellee the court on January 6, 1927, struck appellants' motion to modify the decree from the files and also overruled their objections to

appellee's final report and entered an order approving the same.

The record shows that said Henry C. Schlensker and Irene Schlensker prayed an appeal from this order of the county court to the circuit court of St. Clair county which was allowed upon the execution of an appeal bond; that this appeal bond was filed and the clerk directed to certify all orders of the probate court to the circuit court. The record further shows that appellants also prayed an appeal to this court which was allowed and an appeal bond filed. This appeal bond recites among other things, that whereas, on the 21st of May, 1925, a certain decree was entered on petition of appellee in said probate court, and whereas certain other orders were made concerning the distribution of the proceeds derived from the sale of certain real estate under said decree and including the overruling of appellants' objections to the amended final report of appellee and "from which said decree and all other orders entered in said cause" appellants have prayed for and obtained an appeal to this court, etc. From an examination of this entire record and the recital of appellants' bond filed herein it clearly appears that this must be treated not as an appeal from an order to sell lands to pay debts, but as an appeal from an order of the county court approving appellee's final report as administrator *de bonis non,* and should have been taken to the circuit court as provided by section 124 of the Administrator's Act, Cahill's St. ch. 3, ¶ 126, where a trial *de novo* could have resulted. This court is therefore without jurisdiction to entertain this appeal and the same must be dismissed.

*Appeal dismissed.*